**IN RE: Jody Ford MCCREARY,
Relator**

**NO. 12–16–00120–CR**

Court of Appeals of Texas,
Tyler.

Opinion delivered April 29, 2016

Jody Ford McCreary, for Relator.

Michael J. West, for Real Party in Interest.

Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.

### MEMORANDUM OPINION

PER CURIAM

In 2011, Relator Jody Ford McCreary was convicted of tampering with physical evidence. *See* TEX. PENAL CODE ANN. § 37.09(a)(1) (West Supp.2015). Ordinarily, this offense is a third degree felony. *See id.* § 37.09(c) (West Supp.2015). However, the indictment included two enhancement paragraphs alleging his convictions for two previous felonies. Therefore, the punishment range for the offense was that of a first degree felony. *See id.* §§ 12.42(a), (b) (West Supp.2015), 12.32

(West 2011) (punishment range for first degree felony is life or any term of not more than ninety-nine years or less than five years).

### RELATOR'S COMPLAINTS

In this original mandamus proceeding, Relator contends that the judgment of conviction erroneously states he pleaded "guilty" to tampering with physical evidence when, in fact, he pleaded not guilty. He also complains that the judgment inaccurately states the offense was a third degree felony enhanced by a prior felony to "F–2." Finally, he notes that nothing on the docket sheet reflects that a court reporter was present; that Relator's counsel appeared; that Relator pleaded guilty to a third degree felony enhanced by a prior felony conviction to a second degree felony; or that the trial court pronounced sentence. Citing these alleged irregularities, Relator filed a motion for judgment nunc pro tunc, which he later amended, a motion to set aside the judgment, and a motion for new trial. The trial court denied the motions. Relator requests a writ of mandamus from this court directing the trial court to vacate its order denying Relator's motions and to issue an order granting the motions.

### DISCUSSION

■ The appendix Relator filed in this proceeding includes the indictment, the trial court's docket sheet, the judgment of conviction, and several opinions from this court in which he has raised complaints identical or substantially similar to those he presents in this proceeding. Although Relator did not furnish a clerk's record or a reporter's record from the plea hearing, the documents he included in the appendix reveal the sequence of events in some detail.

The docket sheet includes a number of stamped notations relating to the plea hearing beginning with the notation that on January 11, 2011, Relator and his counsel appeared in open court. At that time, counsel advised the court that Relator "desired to plead guilty to the Court and waive Jury Trial as to Guilt and Punishment." A handwritten notation states that "[Relator] pleads to lesser offense: F2." The trial court then admonished Relator of the consequences of the plea and the range of punishment, "but [Relator] persisted in pleading guilty." The necessary "Waivers, Stipulations, Certificates and Approvals" were "made and filed by [Relator] and Attorneys [and] noted and approved by the Court." Further notations indicate that Relator's "[p]lea of guilty [was] accepted," "[e]vidence [was] presented," and Relator was "found GUILTY as charged in [the] indictment." The docket sheet notations further reflect that punishment was assessed at "12 years confinement in Texas Department of Corrections" and Relator was sentenced. This court's records reflect that Jennifer Lowrance is the official court reporter for the trial court. The handwritten name "J. Lowrance" appears on the docket sheet.

The judgment confirms that the State abandoned the first enhancement paragraph in the indictment and states that Relator pleaded "true" to the second enhancement paragraph. As a result, the offense was a third degree felony enhanced to a second degree felony instead of a first degree felony as charged in the indictment. The judgment further states that on January 11, 2011, the trial court assessed Relator's sentence at "12 Years 00/Texas Department of Criminal Justice." This sentence is within the punishment range for a second degree felony. *See* TEX. PENAL CODE ANN. § 12.33 (West 2011) (punishment range for second degree felony is term of not more than twenty years

or less than two years). The information in the judgment is consistent with the docket notations.

### CONCLUSION

■ Based on the information provided in this appeal, Relator has not shown that the trial court abused its discretion in denying Relator's original and amended motions for judgment nunc pro tunc. Moreover, Relator's remaining motions are an attempt to obtain relief from a final felony conviction. This relief is available only from the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (West Supp.2015). The trial court did not abuse its discretion in denying Relator's motions. Accordingly, we **deny** Relator's petition for writ of mandamus.